Kairos Law v. World Wrestling Entertainment May it please the court, I am Constantine Kairos and I represent the appellants and the cross appellees. This is a procedural due process case. The Fifth Amendment prevents or rather provides a safeguard against the deprivation of property by the federal government and in this case, a sanction of $312,143.55. Are those the Rule 11 sanctions or the Rule 37 sanctions? I'm arguing right now, Your Honor, on the Rule 11 sanctions. So you are correct, it does include some amount, which I don't have the math, so it may be potentially a little less than the $300,000. You're not really contesting the Rule 37 sanctions? I have an argument on that in the brief, Your Honor, but right now I'm going to argue the Rule 11. But mainly you're contesting the Rule 11 sanctions? That is correct. The issue is essentially the authority of the sanctions is paramount in understanding what the due process protections are. So with respect to the imposition of the sanctions, the court doesn't articulate the authority for the sanctions properly is my argument. So the threshold issue is what is the source of authority for the sanctions? So here we are essentially arguing, I'm arguing that the authority wasn't properly articulated. I'm sorry, it was Rule 11? I'm arguing that it's Rule 11C3. I see. Okay. So identifying the source of the authority really is essential to figure out what the sanctions, the due process is required. So counsel, you're arguing that all the time, all the times that the judge said, you're in danger here, you have to get this right, this third attempt at the operative complaint was still inadequate. All the times the judge said that did not give you notice that you were skating on thin ice? I'm actually not arguing notice. I'm arguing the source of authority was incorrect. I thought you were arguing due process here? Yes, the source of authority informs the due process. Are you saying the judge doesn't have the authority to sanction behavior? Is that the source of authority that you're alluding to? Well, the case law indicates that the source of authority defines what the due process protections are. So the court has to state the source of authority of the sanctions, whether it's an inherent authority sanction, whether it's a 1927 sanction, or a Rule 11 sanction. I'm not really arguing notice. I'm arguing that the order itself has to contain within it what its basis is. So why? What is the consequence for purposes of due process? And I would assume that it could be notice or an opportunity to be heard or something like that. But what is the due process implication of failing to state, in your view, the proper source of authority? All right, well, when the advisory committee in the Supreme Court devised Rule 11c3 and devised Rule 11c2, Rule 11c3, which is a sua sponte sanction under Rule 11, contemplated enhanced due process protections. What are those protections? Those are requiring the court to articulate specific basis for the sanctions, and it requires the court to give me an opportunity to demonstrate why I shouldn't be sanctioned. So it sounds to me like you just said notice and opportunity to be heard. Notice of what's the basis, so you know what to defend against, and an opportunity to rebut the argument or the claim. That is correct, Your Honor. So that sounds like you've reduced it to notice and opportunity to be heard. But if you're saying you don't claim that you lacked notice, I don't see what your due process argument is, unless you're saying you didn't have an opportunity to be heard. I did not have an opportunity to be heard. Did you make filings? Well, let me, let me. Did you make filings? I did make filings. Explaining why you ought not to have been sanctioned. Okay, so. Did you, no, answer the question. Did you submit filings arguing to the district court why you should not have been sanctioned? I did, but that's under 11, that's their argument under 11c2. My argument I was sanctioned under 11c3. So tell me this, what was the basis for the district court sanctions that in the end was one of the bases adopted by the district court that you did not, in your view, have an opportunity to defend against? I did not have an opportunity to defense against the, the complaint and the affidavits. Those reset the clock under, under the rules. Which, what reset the clock? The third amended complaint? That's correct. That is correct. Under Lawrence v. Richmond. Because there was most of the sanctions pending from the second amended complaint. Isn't that correct? The judge misreads the rule in my view. The judge in 362 states that she is going to, it's a facially defective order actually, it's, the judge states in 362 that she will revisit sua sponte and she states that she's going to pursue the sanction sua sponte. But she said she was going to revisit the motion sua sponte, which is sort of a contradiction in terms, right? Correct. So, but she talks about the motion, she doesn't say I will think about this sua sponte, which is really sua sponte, right? The court on its own coming up with an argument that no party has talked about. But it's another way of really saying I'm reserving decision on the motion. Let's see what you do. She didn't have the power to do that. If you're the problems, then it's, then it's not a problem. She didn't have the power to reserve decision on a motion and direct you to file a new complaint? That is, that's my argument. Because once she, once she said that you have to file an amended, second amended complaint, file the affidavits, and I'm, she's going to revisit the issue, under 11C3. 11C3 is the enhanced sua sponte component of Rule 11. So it requires an order to show cause. So once I filed the second amended complaint and the affidavits, I then was entitled to the order to show cause to demonstrate why the sanction should not have imposed against me. 11C3 says on its own. That's what sua sponte means, I guess. But in this case, there was a fully briefed Rule 11 motion. You responded to that. And, and she reserved judgment. In her ultimate September 2018 opinion, she says I'm reserved judgment on defendants fully briefed motions to dismiss for judgment on the pleadings and for sanctions. So you're saying she's not permitted to reserve judgment on a sanctions motion? She would have been, she certainly can reserve judgment on certain issues. But once she ordered the filing of an amended complaint, it's just as, just as if I took the amended as of right. This is, this is the amended pleading superseded the first amended complaint. That's the Connect You vs. Zuckerberg, the Facebook case. So if someone files a clearly sanctionable complaint and the court says, look, I'm going to give you a chance to file a new complaint and you file something that cures some but not nearly all of the problematic things, you're saying that all of the misconduct attached to the first complaint gets washed away? Correct. That is correct. That's a second circuit case. That's Lawrence vs. Richmond. Lawrence vs. Richmond. It resets the clock. In fact, Sneller vs. Bainbridge is another case. That's a Ninth Circuit case. There's three cases in which there's a motion in the mix. So in this circuit, Street Easy vs. Chertok, Lapidus vs. Vann. There's another one, I think it's Foster vs. Wilson, which I'm not sure what the jurisdiction is, but it also involves the filing of a sanctions motion. It resets the clock. The filing of a new motion resets the clock, and the only remedy that the WWE defendants had was to file another motion for sanctions against the amended complaint. And in fact, the amended complaint superseded the earlier complaint, so there was actually no basis to dismiss the case at all. She, in my view, made a mistake. But Rule 11C3 is an unambiguous mistake and facially defective in Order 362. She says she's going to revisit it under 11C3, sui sponte award attorney's fees. Under Nuesra vs. Merrill Lynch, in this circuit, 11C3 does not allow the imposition of attorney's fees as a sanction. They can only be paid to the court. This is a bright black letter. This is a leading case of Walmart vs. Publishers Clearinghouse. If it comes up that it was a St. Louis case where the judge ordered the sanctioned party to pay it to a charity, that's not permissible. Thank you. Thank you. Good morning, Your Honors. If it please the Court, Kurt Krasick on behalf of the Appellees Cross Appellants, World Wrestling Entertainment, Inc., and Vince McMahon. I'm going to first address several points from Attorney Kairos' argument and then turn to the forum rule argument in our cross appeal, if it pleases the Court. Attorney Kairos' assertion that the district court sanctioned him sui sponte under Rule 11C3 without due process or prior warnings is a remarkable attempt at revisionist history. And frankly, it's emblematic of the deceptive conduct in the district court that got him sanctioned in the first place. Your Honor's questions to Attorney Kairos pointed out all of the warnings that the district court patiently gave him through the course of these consolidated proceedings. We point out in our brief, there were five separate sets of admonitions specifically warning him to cure these pleading problems and other abusive conduct, and he did not. But the evidence that he's just categorically wrong that the sanctions were issued pursuant to 11C3 is that the district court's September 2018 order awarding sanctions expressly said, I'm granting defendant's motion for sanctions. That's docket number 262. But that motion applied to the previous iteration of the complaint, didn't it? It applied to the first amended complaint. And Rule 11 was followed to the letter with respect to the first amended complaint. But then you filed a new complaint, and wouldn't you have had to make a new motion for sanctions? Well, in the district court's September 2017 order, she admonished Attorney Kairos again and gave him one last chance to cure these persistent pleading deficiencies. And he attempted but failed. And he attempted and failed. Didn't you have to make a new motion for sanctions in order to have a basis for her to rule on them? If we were moving for sanctions with respect to the second amended complaint, that might be the case. But we weren't. We already had a served, filed, and fully briefed motion for sanctions with respect to the first amended complaint that the district court said in the September 2017 order, I'm holding an abeyance and giving Attorney Kairos one last chance to try to comply with Rule 11, file these affidavits to show you a good faith basis for these claims. And he failed. And then when he failed that, she awarded sanctions, she granted our motion for sanctions on the first amended complaint. And it's a good point you raised, Judge Pooler, because this Lawrence v. Richmond case that Attorney Kairos raised, I want to briefly address that because that's a completely inapposite situation and addresses the hypothetical that you just presented. In Lawrence, the court found that the motion for sanctions was focused at the second amended complaint. There was no notice given with respect to the second amended complaint. The sanctions were awarded with respect to the second amended complaint, and therefore it was defective. That's not what happened here at all because the sanctions were awarded on the first amended complaint, of which, your honors pointed out, Attorney Kairos had abundant notice of the persistent pleading deficiencies. But he has filed the second amended complaint, the third complaint. And the sanctions were awarded on that filing. Was it worth it? No. The district court granted our motion for sanctions on the first amended complaint. And as Judge Nardini pointed out, just because she gave him one last chance, and this one last chance continued to fail to secure these problems and, in fact, continue to make them worse, doesn't make everything that happened before go away. And she had this fully briefed motion for sanctions on the first amended complaint that she said, I'm going to reserve ruling and hold an abeyance and give him one more chance. And then when he failed that too, she granted that fully briefed motion for sanctions on the first amended complaint. I'm not so sure that she didn't have to do more. That is, she had to give him notice if she was going to go back and revivify this fully briefed motion that was pending. Well, Judge Poole, I submit that she did give plenty of notice. In the September 2017 order, she expressly said, I'm reserving judgment on the pending motions, which included the motion for sanctions on the first amended complaint. I had notice of an opportunity to respond. Well, Attorney Kairos already responded to the motion for sanctions. He didn't withdraw it during the safe harbor period when the motion was served. When he didn't cure it or withdraw it during the safe harbor period, we filed the motion for sanctions. And even then, instead of withdrawing or amending the complaint, he filed a response to it and tried to justify his abuse of conduct. And then he actually filed a surreply on that motion for sanctions when he further tried to justify his conduct. So he had plenty of opportunity and did attempt to respond to the issues that we had raised. The argument is that when the second amended complaint is filed, we've repeatedly said he failed to correct the errors. And if that's the reason for reviving the sanctions motion, shouldn't he have the opportunity to say, no, I didn't fail the second time around? But if I remember the record correctly, she said, I don't need more briefing, but both of you submitted papers anyway. Am I right about that? That's absolutely correct, Judge Livingston. When in the September 2017 order, the district court said, I'm reserving judgment on the pending motion for sanctions. I don't want to file these affidavits and this amended complaint that is the last opportunity to comply with the pleading rules. And then I'll rule. Attorney Kairos did not comply with the pleading rules. And then she said, because of that, not that I'm reviving, there was already a pending motion for sanctions. And she said, I don't need further briefing because it's already there. I'm ruling on the pending motion for sanctions. I see my time is getting short. If I could turn to the forum rule arguments. The district court here erroneously applied the forum rule to reduce the amount of the legal fees that Attorney Kairos was ordered to pay in connection with the motion for sanctions. And the forum rule does not apply here for three reasons. First, the consolidated cases that were before the district court originated outside of Connecticut. The first case that Attorney Kairos filed in these consolidated cases, the Haines case, was filed in the District of Oregon. The second case, the LaGrasso case, was filed in the Eastern District of Pennsylvania. There were subsequent cases all filed by Attorney Kairos in the Western District of Tennessee, the Central District of California, and the Northern District of Texas. All of those cases were filed outside of Connecticut when WWE made the decision to hire my firm, K&L Gates, and Attorney Jerry McDivitt to defend it in these matters. We were ultimately successful in transferring all of these cases to the District of Connecticut and consolidating them before Judge Bryan. But that doesn't change the fact that when the decision was made to retain counsel, their cases were outside of Connecticut. Didn't the contracts with the wrestlers provide that the forum was Connecticut? And isn't that dispositive? I don't think so, Judge Bloor. To answer your question directly, some of the wrestler contracts had a forum selection clause that provided for Connecticut. The Haines case, the contract with Haines, did not. And that case was transferred to Connecticut on forum non-convenience grounds. And they were all tried together, or they were joined? They were consolidated before the District Court and resolved, most on a motion to dismiss and the remaining. And many, if not all, had a forum selection clause? That's correct, that's correct. And that forum was Connecticut? It was, it was. And I would point out, though, that before the Laurinaitis case, which was the subject of the Rule 11 sanctions here, was filed in Connecticut in July of 2016, K&L Gates and Attorney McDivitt had already been representing WWE for over two years. We'd filed substantive motions to dismiss in the cases that were transferred to Connecticut and obtained complete dismissals of two of the cases, the Haines case and the McCullough case. The one small claim in the LaGrasso case that survived the motion to dismiss, we'd already completed discovery and had a strategy for moving for summary judgment, which was ultimately successful. And we already had firsthand knowledge of Attorney Kairos' misconduct to that point, which was ultimately beneficial in getting the rest of the cases dismissed. So under these circumstances, Your Honors, it would have made no economic sense and would have been highly prejudicial and unreasonable to force WWE to hire a new counsel when the Laurinaitis case is filed in Connecticut after it had already been doing all this in the consolidated proceedings. And you will concede, I know, that this is committed to the discretion of the trial judge? Certainly it is. And you're arguing abuse of that discretion? In this respect, Your Honor, that material error of law is an abuse of discretion. And because these cases did not emanate from the District of Connecticut, we are saying it was legal error to apply the forum rule in these circumstances. And the other point I would briefly make with regard to legal error is that the forum rule was never intended to apply to Rule 11 sanctions. That when Judge Walker articulated the forum rule in Arbor Hill and the Simmons case, this court then addressed the case of On Time Aviation, the Bombardier Capital, Inc. And in that case, a panel of this court noted, quote, the reasoning behind the calculation of awards under fee-shifting statutes is not, however, precisely analogous to that applicable to Rule 11 awards. And further held that the purpose of Rule 11 awards is not compensation of the victimized party, but rather the deterrence of baseless filings and curbing of abuses. And on that basis, despite Arbor Hill and Simmons having come down in the last year, the panel in On Time Aviation did not apply the forum rule to a Rule 11 context and awarded attorney's fees outside of the forum rates. That's the precedent, and the district court didn't substantively address On Time Aviation, except to say that it's a non-precedential summary order, which it is. But that's the closest precedent of this court or articulation by this court of how the forum rule interacts with Rule 11 in distinction to fee-shifting statutes. Two more points, briefly, if I may. Here, there was a sophisticated paying client. And that's another reason that this does not fit within the standard forum rule rubric. The forum rule was articulated in the context of statutory fee-shifting cases to approximate the hourly rate that a reasonable paying client would pay. Well, here, we know what a reasonable paying client would pay. It's what WWE actually paid. And what the district court found here was that WWE wasn't reasonable in paying K&L Gates rates. WWE wasn't reasonable in retaining Attorney McDivitt. That was also an abuse of discretion. The district court found that because the ruling was on pretrial motion to dismiss in summary judgment, that any litigator could do that. That completely discounts the severity, the potential severity, and the seriousness and complexity of these claims from WWE's perspective and their incentive to hire the best lawyers they thought they could to defend these claims. And they certainly didn't know at that point that they were going to be reimbursed their fees. And lastly, under Simmons, there, of course, you can overcome the presumption for out-of-district rates if you select the out-of-district counsel because doing so is likely, not just possible, to produce a substantially better result. And we outlined in our brief, Your Honors, why both the results here really could not have been bettered and also Attorney McDivitt's, in particular, unique experience with WWE and with CTE cases that justify overcoming the presumption of Simmons even if it were to apply. Thank you. We'll hear rebuttal. Thank you. Thank you, Your Honors. I'm going to try to make my argument more succinct and I'll do it off my paper. That the order is, in fact, a sua sponte sanction requiring specific due process protections of 11C3. Here's my points. I was ordered to file an amended plea.